# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARVON WRIGHT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW M. SAUL,[1] ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No. 4:18CV771 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the court for judicial review of the final decision of the defendant Commissioner of Social Security denying the application of plaintiff for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1385. For the reasons set forth below, the final decision of the Commissioner is affirmed.

## Background

---

[1] The Court takes judicial notice that on June 4, 2019, Andrew M. Saul was confirmed as Commissioner of Social Security. *See* https://www.congress.gov/nomination/116th-congress/94. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted for Nancy A. Berryhill as defendant in this action. No further action needs to be taken to continue this suit by reason of 42 U.S.C. § 405(g) (last sentence).

Plaintiff was 42 years old at the time of his alleged disability onset. He filed his application on October 2, 2014, alleging a September 4, 2014 onset date, and alleging disability due to hypertension, chronic back pain, issues with his lungs, and migraine headaches. Plaintiff's application was denied, and he requested a hearing before an Administrative Law Judge (ALJ).

On February 20, 2015, a hearing was held. Following the hearing, an ALJ issued a decision on May 24, 2017 finding that plaintiff was not disabled under the Act. The Appeals Council denied his request for review on March 23, 2018. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## **ALJ Hearing**

Plaintiff testified at the hearing that he was 44 years old at the time of the hearing. He lives with his wife in a rented home. He has a driver's license and drives about two to three times per week. He has no past relevant employment. Plaintiff further testified that he has trouble standing for long periods of time, has back pain and pain shooting down his legs. He has trouble breathing, due to lung surgery. He also experiences headaches. Plaintiff testified that he has some mental health issues; he has trouble being around large groups of people and becomes irritated. He has a home health aide who assists him with household chores. He has dizzy spells. He uses oxygen and takes nebulizer treatments three to four times per day.

Robert Hammond, a vocational expert ("VE"), testified by telephone. In response to the ALJ's hypothetical question, the VE testified that there are jobs in the national economy that a 44 year old person with no past relevant work history that is limited to work at the sedentary level with no climbing of ladders, ropes or scaffolds, occasional stooping, kneeling, crouching and crawling and climbing stairs and ramps, avoidance of concentrated exposure to pulmonary irritants, changing positions for a few minutes every 30-45 minutes while remaining at the work station and staying on task, with work limited to simple, routine tasks, and simple work-related decisions, and occasional interaction with the public and occasional interaction with co-workers could perform, to wit: a circuit board screener, an eyewear assembler, and a semiconductor bonder.

## **Decision of the ALJ**

On May 30, 2017, the ALJ issued a decision finding that plaintiff was not disabled. At Step One, the ALJ found that plaintiff had not performed substantial gainful activity since September 4, 2014, his application date. At Step Two, the ALJ found that plaintiff had the severe impairments of lumbar and cervical degenerative disc disease, diabetes mellitus, chronic obstructive pulmonary disease (COPD)/sarcoidosis, obesity, depression, and anxiety. However, the ALJ found plaintiff did not have an impairment or combination of impairments listed in or

medically equal to one contained in the Listings, 20 C.F.R. part 404, subpart P, appendix 1.

The ALJ determined that plaintiff retained the residual functional capacity to perform "sedentary" work with the following limitations. He should avoid climbing ladders, ropes, or scaffolds and could only occasionally climb ramps and stairs, stoop and crouch, kneel or crawl. He must avoid concentrated exposure to pulmonary irritants such as fumes, dust, or gases. He should have an allowance to change positions for a few minutes every 30-45 minutes while staying at the work station and remaining on task. In addition, plaintiff could only perform simple, routine tasks and simple work-related decisions in an environment where contact with co-workers or the general public was only occasional.

At Step Four, the ALJ found that plaintiff had no past relevant work. At Step Five, the ALJ found there were jobs that exist in significant numbers in the national economy that plaintiff could perform, including work as a circuit board screener, eye wear assembler, and semiconductor bonder. The ALJ therefore concluded that plaintiff was not "disabled" under the Act.

## **General Legal Principles**

The Court's role on judicial review of the Commissioner's decision is to determine whether the Commissioner's findings apply the relevant legal standards to facts that are supported by substantial evidence in the record as a whole.

*Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009)*. "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the Commissioner's decision. *Id.* As long as substantial evidence supports the decision, the Court may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because the Court would have decided the case differently. *See Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002)*.

To be entitled to disability benefits, a claimant must prove he is unable to perform any substantial gainful activity due to a medically determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least twelve continuous months. 42 U.S.C. §§ 423(a)(1)(D), (d)(1)(A); *Pate-Fires, 564 F.3d at 942*. A five-step regulatory framework is used to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4); *see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987)* (describing five-step process).

Steps One through Three require the claimant to prove: (1) he is not currently engaged in substantial gainful activity; (2) he suffers from a severe impairment; and (3) his condition meets or equals a listed impairment. 20 C.F.R. §

404.1520(a)(4)(i)-(iii). If the claimant does not suffer from a listed impairment or its equivalent, the Commissioner's analysis proceeds to Steps Four and Five. Step Four requires the Commissioner to consider whether the claimant retains the RFC to perform past relevant work (PRW). Id. § 404.1520(a)(4)(iv). The claimant bears the burden of demonstrating he is no longer able to return to his PRW. *Pate-Fires,* 564 F.3d at 942. If the Commissioner determines the claimant cannot return to his PRW, the burden shifts to the Commissioner at Step Five to show the claimant retains the RFC to perform other work that exists in significant numbers in the national economy. Id.; 20 C.F.R. § 404.1520(a)(4)(v).

## Discussion

Plaintiff argues that the RFC is not supported by any medical opinion of record; (2) the RFC assessment lacks rationale describing how the evidence supports the findings; and (3) the ALJ failed to conduct a proper credibility determination.

Plaintiff argues that the ALJ erred in giving significant weight to Dr. Melvin Butler's opinion because he did not assess Plaintiff's ability to sit, stand, walk, lift/carry, push or pull, and that there is no opinion from any medical source addressing these actions. He further argues that Dr. Butler's opinion was rendered at the beginning of his alleged disability onset and therefore did not adequately assess Plaintiff's medical condition.

The ALJ explained his reasons for giving Dr. Butler's opinion significant weight. No treating source indicated that Plaintiff has specific functional limitations. The ALJ thoroughly considered all the medical records Plaintiff submitted. While Plaintiff argues that if the ALJ gave significant weight to Dr. Butler's opinion, he would have found that Plaintiff had *no* restrictions, whereas, the ALJ's decision reflects a variety of restrictions. The ALJ, however, gave significant weight to Dr. Butler's opinion in conjunction with the medical records before him. Subsequent to Dr. Butler's consultative examination, Plaintiff sought and received further medical treatment. The ALJ did not solely rely on Dr. Butler's examination, rather, he assessed all the medical evidence in the record. From the combination of Dr. Butler's opinion and the medical records, the ALJ determined Plaintiff's RFC. His determination was clearly based on medical evidence in the record.

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling

7

symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

If the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d); *see Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

If the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(4). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotation marks

omitted); *see* 20 C.F.R. § 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id*. If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id*. § 416.920(a)(4)(iv).

If the claimant's RFC as determined in Step Four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at Step Four, and his or her age, education, and work experience. *See Bladow v. Apfel*, 205 F.3d 356, 358-59 n.5 (8th Cir. 2000). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find the claimant is not disabled.

In his RFC determination, in addition to Plaintiff's testimony, the ALJ considered the Department of Corrections records that document Plaintiff's care. In March 2015, Plaintiff showed minimal grade 1 anteriolisthesis at L5-S1 with minimal degenerative disc disease. Further X-rays showed slightly straightened lumbar lordosis due to muscle spasms, stable mild decrease in L5-S1 intervertebral disc height, and stable face arthrosis at L3-4, L4-5, and L5-S1. The progress note from the following day indicated Plaintiff was in only mild distress. The report references previous MRI that showed disc herniation with minimal canal stenosis at L4-5 and L5-S1. Dr. Ebersole, the examining specialist noted that Plaintiff's leg pain was inconsistent with the imaging studies. The Thoracic MRI showed no central canal stenosis or cord signal abnormality.

In July 2015, Dr. Howard Place stated that none of the previous MRI findings seemed to explain Plaintiff's symptoms and that he did not see any indications for surgical intervention.

Plaintiff received care from Dr. Dannie Williams in March 2016. Dr. Williams noted in July 2016 that Lyrica controlled Plaintiff's neuropathy symptoms. Plaintiff's depression was better on Remeron. Jardiance controlled Plaintiff's blood sugars. The July 22, 2016 chest X-rays showed surgical changes in the lower lungs and faint patchy opacities in the right upper lobe that could

represent pneumonia or pulmonary nodules but there was not significant worsening from earlier studies.

In terms of pain management, Plaintiff began treatment in July 2016.

The ALJ considered Plaintiff's medical treatment and factored in his conditions into the RFC determination. While Dr. Butler did not limit Plaintiff with restrictions, the ALJ thoroughly examined the other medical evidence to determine what Plaintiff is capable of doing. He limited Plaintiff to sedentary work with frequent position changes. The ALJ factored in Plaintiff's impairments for the final RFC determination. Pain management treatments controlled Plaintiff's symptoms. Notable, there was no evidence of reports of pain or a need for strong pain medication consistent with interfering with a normal work schedule.

Other medications given for Plaintiff's diabetes and depression and anxiety were effective in controlling Plaintiff's medical and mental impairments. Likewise, Plaintiff's pulmonary condition improved with cauterization in December 2016.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior

work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. See *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints.

*Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

Based on the record as a whole, the ALJ did not err in placing significant weight on Dr. Butler's opinion while adding limitations on Plaintiff's RFC. The ALJ appropriately assessed Plaintiff's subjective complaints in conjunction with the medical records. Any discrepancies between credibility findings regarding what Plaintiff stated he could or could not do are not inconsistent because of the medical records with support some of Plaintiff's complaint while discounting others.

## Conclusion

Based upon the foregoing, the ALJ's decision is based upon substantial evidence in the record.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

A separate Judgment in accordance with this Opinion, Memorandum and Order is entered this same dated.

Dated this 2nd day of August, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE